UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 03-CR-0855-4 |
| ) | |
| v. ) | |
| ) | Judge Joan B. Gottschall |
| GARY ROBERSON, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

In 2012, Gary Roberson completed serving a 120-month sentence for bank robbery and a related offense. As part of his sentence, he was also ordered to pay approximately $82,000 in restitution. (Am. J. 6, ECF No. 240.) That amount has ballooned to over $100,000 since his sentence was imposed. Roberson, who represents he has recently opened his own small business refurbishing bathtubs and tile, has asked the court to limit or waive the interest. The government argues that no statute gives the court the power, that is, the jurisdiction, to waive or limit interest on restitution once a criminal judgment has been entered. Applying the Seventh Circuit's decision in *United States v. Goode*, 342 F.3d 741(7th Cir. 2003), the court determines that 18 U.S.C. § 3664(k) grants it that power when a defendant experiences a "material change in . . . economic circumstances."

**I. Background**

Roberson pleaded guilty to a two-count superseding indictment charging him with bank robbery, see 18 U.S.C. § 2113(a) and (d), and brandishing a firearm in connection with that crime, *see id*. § 924(c)(1)(A). The court ultimately imposed consecutive sentences on the two counts totaling 120 months; two concurrent, five-year terms of supervised release; and $82,908

1

in restitution to be paid in a lump sum. (Am. J. 6, 7, ECF No. 240.) A note in the "special instructions" section of Roberson's amended judgment provides that "restitution and special assessment obligation shall be made payable with 10% of defendant's net monthly income." (*Id.* at 7.) Roberson was released from prison on September 3, 2012, and began serving his term of supervised release.

Roberson filed a motion on August 29, 2016, asking the court to terminate his supervised release early. In that motion, he cites 18 U.S.C. § 3664(k), and asks the court to limit his restitution to 10% of his net income and "no interest payments accruing on the restitution amount." (ECF No. 267 at 5.) At a hearing on the motion held September 7, 2016, the court granted Roberson's request for early termination of his supervised release. The government asserted that this court lacked jurisdiction to limit Roberson's interest payments, and the court set a schedule to brief the question. After considering the parties' memoranda, the court concludes that it has jurisdiction under 18 U.S.C. § 3664(k) to adjust a defendant's interest payments prospectively after entry of judgment.

## II. This Court has Jurisdiction to Relieve a Defendant Prospectively of Interest on Restitution under 18 U.S.C. § 3664(k)

Roberson repeatedly asserts that the interest that has accrued on the amount of restitution he owes is "unauthorized." (Mot. Early Termination & Limit Restitution 5, ECF. No. 267.) But, as it did when Roberson was sentenced, 18 U.S.C. § 3162(f)(1) makes payment of interest mandatory when the fine or restitution amount exceeds $2,500. 18 U.S.C. § 3612(f)(1) (2006) ("The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of the judgment."); *see id.* § 3612(f)(2) (prescribing method for computing interest). The parties devote the bulk of their briefing to the

2

question of whether § 3612(f)(3), which permits the court to waive or limit interest "[i]f the court determines that the defendant does not have the ability to pay interest," gives this court jurisdiction to adjust the interest on restitution postjudgment. Courts have divided on this question and the proper interpretation of the Seventh Circuit's decision in *United States v. Goode*, 342 F.3d 741(7th Cir. 2003). *Compare, e.g., United States v. Brumfield*, 125 F. Supp. 3d 648, 651–52 (W.D. Mich. 2015) (collecting and discussing cases and concluding that the majority of district courts have held that § 3612(f)(3) confers no postjudgment jurisdiction), *with United States v. Perez,* No. 90–CR–546, 2008 WL 4865992 (N.D. Ill. July 1, 2008), ("Some non-binding opinions and Seventh Circuit dicta notwithstanding, this Court sees no language that precludes post-sentencing reconsideration of interest under the authority of § 3612."). While the parties have collected an impressive array of cases addressing § 3612(f)(3), this court's reading of *Goode* leads it to conclude that it has jurisdiction to modify Roberson's interest payments postjudgment under 18 U.S.C. § 3664(k), which Roberson cites in his motion.[1] *See infra* at 4-5 (setting forth full text of subsection). The cases on which the parties rely construing § 3612(f)(3) do not discuss § 3664(k). *See, e.g., Brumfield*, 125 F. Supp. 3d at 651–52; *United States v. Benjamin*, Criminal No. DKC 96–0217, 2011 WL 3821534, at *2–3 (D. Md. Aug. 26, 2011).

In *Goode*, the Seventh Circuit considered a district court's postjudgment jurisdiction to adjust interest on a fine. 342 F.3d 741 (7th Cir. 2003). The district court sentenced the defendant to pay three $5,000 fines and to serve a total of 327 months in prison. *Id*. at 742. While still in custody, the defendant petitioned to clarify, remit, or suspend his obligations to pay

---

[1] In its brief, the government cites *United States v. Bania,* 787 F.3d 1168, 1172 & n.4 (7th Cir. 2015) for the proposition that 18 U.S.C. § 3664(o) contains an exhaustive, and exclusive, list of statutes allowing postjudgment correction of a restitution order. It then asserts that Roberson cites no statute on that list. (ECF No. 274 at 3.) Roberson, however, relies on 18 U.S.C. § 3664(k) in his opening motion. (ECF No. 267 at 5-6.) *See* 18 U.S.C. § 3664(o)(1)(D) (listing § 3664(k)).

3

interest on the fines, arguing that he made installment payments on the fines and that paying interest saddled him with an unfair financial burden. *See id*. at 742–43.

The *Goode* court began its analysis by determining whether the district court had subject-matter jurisdiction. *Id*. at 743. "Once a court sentences a criminal defendant, it has jurisdiction to continue hearing related issues only when authorized by statute or rule." *Id*. (citing *Carlisle v. United States,* 517 U.S. 416, (1996)). The *Goode* court rejected several possible grounds for jurisdiction. *See id*. The defendant filed his petition too late to correct a judgment under Federal Rule of Criminal Procedure 35(a), and he sought substantive relief, not to correct a clerical error within the meaning of Rule 36. *Id*. (citations omitted). Because he challenged his fine, as contrasted with the fact or duration of his custody, he could not proceed under the federal habeas corpus substitute, 28 U.S.C. § 2255. *Id*. (citing *Barnickel v. United States,* 113 F.3d 704, 706 (7th Cir. 1997)). Finally, because "only the Government may petition for remission [of a fine] under 18 U.S.C. § 3573," that statute did not vest the district court with the power to consider the defendant's request. *Id*. (citing *United States v. Linker,* 920 F.2d 1, 1-2 (7th Cir.1990)). Finally, the *Goode* court opined that the "interest obligation could not be disturbed because the court made no determination at sentencing under § 3612(f)(3) that he was unable to pay." *Id*. at 744. The *Goode* court nevertheless held that 18 U.S.C. § 3572(d)(3), which "allows criminal defendants to seek relief from fines based on economic hardship," gave the district court jurisdiction to consider the defendant's petition. *Id*. That statute provides:

> A judgment for a fine which permits payments in installments shall include a requirement that the defendant will notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine. Upon receipt of such notice the court may, on its own motion or the motion of any party, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

18 U.S.C. § 3572(d)(3).

When it enacted § 3572(d)(3), Congress also passed 18 U.S.C. § 3664(k). *See* Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 §§ 206(a), 207(b). Section 3464(k) contains language nearly identical to § 3572(d)(3):

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

18 U.S.C. § 3664(k).

As the government acknowledges, another provision in the same section recognizes that § 3664(k) authorizes postjudgment adjustment of a restitution order. *See* 18 U.S.C. § 3664(o)(1)(D) (providing that a sentence is final even though "a sentence can subsequently be . . . adjusted under section 3664(k) . . ."). Accordingly, *Goode's* construction of the nearly identical language of § 3572(d)(3) compels the conclusion that § 3664(k) also confers postjudmgent jurisdiction to adjust a restitution payment schedule. The question thus becomes in what circumstances that jurisdiction exists.

No language in § 3664(k) limits its applicability to cases in which the judgment provides that restitution will be paid in an installment plan. In at least one unpublished case, the Seventh Circuit has held that § 3572(d)(3) allows a district court to adjust a fine's repayment schedule only when the judgment "permits payments in installments," not when the fine must be paid in a lump sum. *U.S. v. Dawson*, 547 F. App'x 783, 785 (7th Cir. 2013) (per curiam order) (citing *In re Buddhi*, 658 F.3d 740, 741–42 (7th Cir. 2011) and *Goode*, 342 F.3d at 743). That decision rested expressly on § 3572(d)(3)'s "judgment . . . that permits payments in installments"

5

language. *See id.*; *see also Perez*, 2008 WL 4865992, at *1-3 (considering applicability of § 3612(f)(3) where defendant had to pay imposed fine rather than restitution). Section 3664(k) contains no comparable limiting language. It instead applies by its terms to "restitution orders." § 3664(k). Generally, "Congress's use of certain language in one part of the statute and different language in another can indicate that different meanings were intended." *Sebelius v. Auburn Reg'l Med. Ctr.*, 133 S. Ct. 817, 825, 184 L. Ed. 2d 627 (2013) (quoting *Sosa v. Alvarez-Machain*, 542 U.S. 692, 711, n. 9 (2004)). Nothing rebuts this presumption here, and assuming arguendo that this court ordered payment in a lump sum, (*but see* J. 7, ECF No. 240 (stating payments to be made in lump sum but limiting to 10% of net income).) § 3664(k) gives the court postjudgment authority to adjust Roberson's payment schedule.

Further, the power to adjust a payment schedule under § 3664(k) "includ[es] the interest component of a restitution judgment, prospectively (but not retroactively) if a defendant can show that his economic circumstances have changed since imposition of the sentence." *United States v. Fromm*, No. 98 CR 755, 2014 WL 2864710, at *2 (N.D. Ill. June 18, 2014) (citations omitted). Indeed, the *Goode* court characterized the defendant's request "to excuse him from having to make interest payments because they were financially burdensome, [as] the exact type of grievance contemplated by § 3572(d)(3)."[2] *Goode*, 342 F.3d at 743; see *United States v.*

---

[2] The Fourth Circuit stated in *United States v. Coleman* that "§ 3612(f)(3) permits the court, post-judgment, to waive or limit the payment of interest upon a finding that the defendant is unable to pay interest." 319 F. App'x 228, 231 (4th Cir. 2009) (per curiam). The district court in *Brumfield*, cited in the text supra, found *Coleman* unpersuasive, stating that "[t]he *Coleman* court's reliance on *Goode* is inexplicable . . . because *Goode* says nothing about § 3612(f)(3) authorizing a district court to modify an interest obligation post-judgment." *Brumfield*, 125 F. Supp. 3d at 651. The observation that *Goode* does not cite or discuss § 3612(f)(3) is correct, but *Coleman* does not cite *Goode* in support of its reading of § 3612(f)(3), *see Coleman*, 319 F. App'x at 230. Instead, the *Coleman* court discussed *Goode* in the paragraph following the sentence construing § 3612(f)(3) just quoted. *See id.* In that paragraph, the *Coleman* court quoted *Goode's* holding that § 3572(d)(3) gives a district court the power to adjust the payment schedule for a fine after entry of judgment rather than as authority for a construction of § 3612(f)(3). *See Coleman*, 319 F. App'x at 230. The *Coleman* opinion then concludes that "[u]nder *Goode,* Coleman is correct that the district court had jurisdiction to consider his petition" to waive interest payments on the restitution he was

6

*Coleman*, 319 F. App'x 228, 230 (4th Cir. 2009) (per curiam) (citing *Goode* to hold that district court had postjudgment jurisdiction to consider application to waive interest on restitution). Again, the operative language of § 3664(k) does not differ as to the remedy. Reading § 3664(k) this way allows the court to address the defendant's changed economic circumstances using the full range of remedies that would have been available if the defendant had faced those circumstances at sentencing. *See* § 3612(f)(3)(A). A court would otherwise be powerless to staunch prospectively the effects of interest accruing faster than a defendant can pay, making § 3664(k) an incomplete remedy. *Cf. Fromm*, 2014 WL 2864710, at *2 (noting that, even without interest, paying back restitution on payment schedule would take 158 years). Conversely, should the economic fortunes of a defendant who the court determined could not pay interest change after sentencing, the court would be unable to impose interest. *See* § 3664(k) (allowing court to accept notice of change in circumstances from the government or a victim). Thus, § 3664(k) vests the court with the power to relieve a defendant of the prospective obligation to pay interest on restitution. See *Goode*, 342 F.3d at 742.

*United States v. Bania*, 787 F.3d 1168 (7th Cir. 2015), on which the government relies, does not, therefore, control here. Unlike *Goode* and this case, *Bania* involved a challenge on legal grounds to the district court's imposition of restitution imposed at the time of sentencing. *See* 787 F.3d at 1171 (characterizing defendant's argument as follows: "the district court ordered restitution without determining whether Local 743 suffered any actual loss as a result of the illegal voting scheme"). The Seventh Circuit held that the district court had no jurisdiction to consider his postjudgment motion because, among other things, the deadline to move to correct

---

ordered to pay. *Id.* Although *Coleman* does not cite § 3664(k), its reliance on *Goode* can, in this court's view, be most plausibly explained as extending *Goode's* holding under § 3572(d)(3) (fines) to § 3664(k) (restitution) under an analysis like the one set forth in the text.

7

the judgment based on a clear error under Rule 35 had passed. *Id.* at 1172. Roberson, in contrast, claims that adjusting his interest payment is warranted because his economic circumstances have changed, a ground cognizable under § 3664(k).

## II. Conclusion

Having determined that it has jurisdiction under § 3664(k), the court will afford the parties an opportunity to offer evidence and argument on whether Roberson is entitled to relief under that subsection. The court has before it Roberson's affidavit in support of his request for appointed counsel, and Roberson has made representations in the instant motion about his current income, family circumstances, financial obligations, and employment status and history. Nonetheless, at the hearing on the instant motion, the parties did not address whether Roberson's economic circumstances have changed, within the meaning of § 3664(k), and, if so, what remedy is appropriate; their arguments on this issue were confined to jurisdictional matters. This case is therefore set for a hearing on those questions on November 16, 2016, at 9:30 a.m. Each party shall have 10 minutes for its presentation.


Date:   October 28, 2016                                  /s/
                                                  Joan B. Gottschall
                                                  United States District Judge